# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA

IN THE MATTER OF

GUILTY PLEAS BEFORE

UNITED STATES CHIEF
MAGISTRATE JUDGE C.J.
WILLIAMS

**STANDING ORDER**
(Issued January 10, 2017)

_____

For cause, it is

**ORDERED** that the following procedures shall apply to guilty plea proceedings before Chief United States Magistrate Judge C.J. Williams:

1.     The Court will not schedule a change of plea hearing before Magistrate Judge Williams unless the party seeking to schedule the hearing represents that (a) defendant has consented to having a magistrate judge preside over the hearing, and (b) any plea agreement between the parties has been fully executed by both the defendant and the government.

2.     A lawyer representing a defendant at a guilty plea proceeding will not be permitted to use the time scheduled for the taking of the guilty plea to prepare the defendant for the taking of the guilty plea.  The preparations for a guilty plea hearing are to be completed as soon as practicable, but not later than the day before the guilty plea.  This requirement applies in all cases, including cases involving interpreters.

3.     At least four hours prior to the change of plea hearing, the defendant should file with the court a written consent to proceed before a magistrate judge. This form can be located at two separate areas of the Northern District of Iowa web page:  www.iand.uscourts.gov, ((1) Clerk of Court, Forms, Criminal Forms, G.1 Plea Documents, NoticeREguiltyPleaJudgeWilliams.pdf; (2) Judges' Information, Magistrate Williams, Standing Forms).

4.     At least four hours prior to the change of plea hearing, the government should provide the Court and opposing counsel, by email, a copy of the written plea agreement (where there is one).  The plea agreement will be addressed at the plea hearing regarding whether it will be filed as an exhibit and/or whether it will be sealed.

5.     At least four hours prior to the change of plea hearing, the government should provide the Court and opposing counsel, by email, the so-called Rule 11 letter.  When setting forth the elements of the offense in the Rule 11 letter, reference should be made to the source upon which the government is relying to establish the elements of the offense.  When possible, the government should rely on the Eighth Circuit Pattern Criminal Jury Instructions.   The Rule 11 letter should also identify all collateral consequences resulting from a guilty plea, including whether defendant: (a) is waiving appeal rights; (b) may be subject to deportation or other immigration consequences; (c) may have to pay restitution; (d) will have to register as a sex offender; and (e) will be forfeiting property.  If the government is seeking forfeiture of property as a result of the guilty plea, the Rule 11 letter should set forth the factual nexus between the crime(s) of conviction and the property the government seeks to forfeit.  The Rule 11 letter should also inform the court whether any victims of the offense(s) wish to address the court at the hearing and whether any exceptional circumstances may exist for the court to determine the matter of defendant's detention pending sentencing.  The Rule 11 letter does not need to include the statutory language of the offense(s) of conviction.

**IT IS SO ORDERED** this 10th day of January, 2017.

_____
C.J. Williams
Chief United States Magistrate Judge
Northern District of Iowa

2