IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

UNITED STATES OF AMERICA,

      Plaintiff,

   vs.                                No. CR17-1003-LRR

JEREMY MICHAEL KIEFFER,         TRANSCRIPT OF
                                PLEA TAKING

      Defendant.

_____/

The Plea Taking held before the Honorable C.J. Williams, Magistrate Judge of the United States District Court for the Northern District of Iowa, at the Federal Courthouse, 111 Seventh Avenue Southeast, Cedar Rapids, Iowa, March 30, 2017, commencing at 2:24 p.m.

APPEARANCES

For the Plaintiff:        TIMOTHY VAVRICEK, ESQ.
                      Assistant United States Attorney
                      111 Seventh Avenue Southeast
                      Cedar Rapids, IA 52401

For the Defendant:        JILL M. JOHNSTON, ESQ.
                      Assistant Federal Defender
                      Suite 290
                      222 Third Avenue Southeast
                      Cedar Rapids, IA  52401

Reported over the        Shelly Semmler, RMR, CRR
telephone by:            320 Sixth Street
                      Sioux City, IA  51101
                      (712) 233-3846

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:17-cr-01003-LRR-CJW   Document 62   Filed 07/24/17   Page 1 of 30

THE COURT: Matter now before the Court is United States of America versus Jeremy Michael Kieffer, Criminal Case Number 17CR1003. This matter comes on for a change of plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. The United States is represented by Assistant United States Attorney Tim Vavricek. The defendant is personally present and represented by Assistant Federal Public Defender Jill Johnston.

Mr. Kieffer, you've been charged in an indictment with the crime of being a prohibited person in possession of a firearm. Have you had a full opportunity to review that indictment in detail with your attorney?

THE DEFENDANT: Yes, I have, Your Honor.

THE COURT: It's my understanding that it's your intent to plead guilty to that charge here today. Is that true?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You need to understand, sir, that I am a United States magistrate judge. This case has been assigned to a United States District Court judge. You have the right to have a district court judge preside over a change of plea hearing. I can preside over this hearing but only with your voluntary consent. Is it agreeable to you that I preside here today?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And I note for the record that there's a

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 2:17-cr-01003-LRR-CJW   Document 62   Filed 07/24/17   Page 2 of 30

written consent to proceed before a magistrate judge that's signed by the defendant and his attorney and filed at document number 37 in the Court's file.

Mr. Kieffer, during this hearing I'm going to be asking you a series of questions, and your answers to those questions must be under oath. So I'd ask you to stand at this time and raise your right hand, and I will place you under oath.

JEREMY KIEFFER, DEFENDANT, SWORN

THE COURT: Thank you. Please have a seat. Mr. Kieffer, you're now under oath. If you should lie or knowingly make a false statement, the government could charge you with the crimes of perjury or making a false statement. And if convicted of those crimes, you could be sentenced to a period of imprisonment and fined. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: It's important then you answer my questions truthfully because if you made a false statement, the government could use that very statement against you to charge you with those crimes. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: The first series of questions I have for you, sir, are simply designed to make sure that you're in a mental state where you can voluntarily and knowingly enter a guilty plea here today. So let's start with you telling me your full name.

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 2:17-cr-01003-LRR-CJW   Document 62   Filed 07/24/17   Page 3 of 30

THE DEFENDANT:  Jeremy Michael Kieffer.

THE COURT:  How old are you, sir?

THE DEFENDANT:  Thirty-six.

THE COURT:  How far did you go through school?

THE DEFENDANT:  Eleventh grade.

THE COURT:  Do you have any difficulty then reading or understanding the English language?

THE DEFENDANT:  No, I do not.

THE COURT:  Have you ever suffered from anxiety, depression, or any type of mental illness?

THE DEFENDANT:  Yes, I have.

THE COURT:  Is there anything about that -- let me ask you this.  Are you currently under treatment by anybody for that mental illness?

THE DEFENDANT:  No.

THE COURT:  Is there anything about the fact that you've had this mental illness or that you're not receiving treatment right now that you believe in your own mind would impact in any way your ability to understand this proceeding?

THE DEFENDANT:  No, Your Honor.

THE COURT:  Have you used illegal drugs in the past or abused alcohol?

THE DEFENDANT:  Yes.

THE COURT:  Is there anything about that past use of drugs or alcohol that you believe would impact your ability to

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 2:17-cr-01003-LRR-CJW   Document 62   Filed 07/24/17   Page 4 of 30

understand this proceeding in any way?

THE DEFENDANT: No, Your Honor.

THE COURT: Are you taking any type of medication or prescription drug for any reason?

THE DEFENDANT: No, Your Honor.

THE COURT: Do you know of any reason why you might have difficulty understanding this proceeding?

THE DEFENDANT: No, Your Honor.

THE COURT: It's important that you understand everything that's done here today, so if at any point I say something you don't understand, will you let me know that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Miss Johnston, do you have any reason to believe the defendant's not competent to enter a guilty plea?

MS. JOHNSTON: No, Your Honor.

THE COURT: Mr. Kieffer, I want to talk to you now about all the rights you'll be giving up if you plead guilty to this charge here today.

First, you have the right to a lawyer to help and represent you all the way through any trial in this matter. The Court has appointed Miss Johnston to represent you in this case. If you wanted to go to trial and fight this charge, Miss Johnston would continue to represent you all the way through that trial at no expense to you. Do you understand your right to an attorney?

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:17-cr-01003-LRR-CJW   Document 62   Filed 07/24/17   Page 5 of 30

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Have you been generally satisfied with the services provided by Miss Johnston?

THE DEFENDANT:  Yes, I am, Your Honor.

THE COURT:  You also have the right to a public and speedy jury trial before a group of 12 people selected from a cross-section of this community.  Both you and Miss Johnston would have a role in selecting the people who would serve on your jury.

Your jurors would swear under oath to try your case fairly based only on the evidence admitted at trial and based on the law as given to them by the judge.

Any verdict by the jury would have to be unanimous, meaning all 12 jurors would have to agree on the verdict.  Do you understand your right to a public and speedy jury trial?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  There's also a presumption of innocence, Mr. Kieffer.  If this case went to trial, the judge would tell the jurors that you're presumed to be innocent of this charge and that that presumption of innocence could be only overcome if the government produced evidence that proved your guilt beyond a reasonable doubt.  The judge would tell the jurors the presumption of innocence alone could be enough to find you not guilty.  Do you understand that?

THE DEFENDANT:  Yes, Your Honor.

Case 2:17-cr-01003-LRR-CJW   Document 62   Filed 07/24/17   Page 6 of 30

THE COURT: You also have the right of confrontation. What that means, Mr. Kieffer, is that the government would have to call its witnesses here in open court. You would have a right to see those witnesses, and they could see you. You would not have to confront them if you did not want to. But if you wanted to challenge their testimony, you could do so by having Miss Johnston cross-examine those witnesses.

Mr. Kieffer, if you plead guilty here today, you will be giving up any right you would have to confront witnesses against you on this charge. Do you understand that?

THE DEFENDANT: Yes, I do, Your Honor.

THE COURT: You may also present a defense at trial. Now, in a criminal case like this, the burden of proof always is with the government. It would never shift to you. So if this case went to trial, you would not have to present any evidence if you did not want to. But if you wanted to present a defense, you could. You could call witnesses or offer exhibits. If you could not afford to get witnesses served with subpoenas or get them here in court, I'd make the government pay those expenses for you.

And again, Mr. Kieffer, if you plead guilty here today, you will be giving up any right you would have to present a defense to this charge. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Finally, you have the right to remain

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 2:17-cr-01003-LRR-CJW    Document 62    Filed 07/24/17    Page 7 of 30

silent. You could testify at your own trial if you wanted to. But you would not have to testify. And nobody could make you testify. If you chose not to testify, the prosecutor would not say anything about that to the jury. And the judge would tell the jurors that when they deliberated on your case they could not take into account in any way or even discuss among themselves the fact that you did not testify in arriving at their verdict. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: In summary, Mr. Kieffer, if you plead guilty here today, there will be no trial. You will be found guilty based on your plea of guilty just as if there was a trial, just as if a jury went back in that room and deliberated and came out and pronounced you guilty. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Before I can recommend the district judge accept your guilty plea, I need to be satisfied that you are, in fact, guilty of the crime of being a prohibited person in possession of a firearm. For you to be found guilty of that offense, the government would have to prove three things.

First, the government would have to prove you knowingly possessed a firearm. The indictment alleges that you possessed a Glock model 22 40-caliber pistol bearing serial number KTX671. It alleges that you possessed that firearm on or about November 7, 2016, here in the Northern District of Iowa.

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:17-cr-01003-LRR-CJW   Document 62   Filed 07/24/17   Page 8 of 30

Do you understand the first thing the government would have to prove?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did you knowingly possess that Glock 40-caliber pistol?

THE DEFENDANT: Yes, I did.

THE COURT: And did you possess it on or about November 7, 2016?

THE DEFENDANT: Yes.

THE COURT: And what city or town were you in when you possessed that firearm?

THE DEFENDANT: Dubuque, Iowa.

THE COURT: The second thing the government would have to prove is that you were prohibited by law from possessing a firearm. The indictment alleges that you were prohibited because you were an unlawful user of marijuana.

And, Mr. Vavricek, I note that in the Rule 11 letter you also have two other alternative grounds for the defendant's prohibited use of the firearm. Was there a superseding indictment in this case?

MR. VAVRICEK: There was.

THE COURT: All right. Then I don't have that pulled here. Does the superseding indictment include the other prohibited purposes listed in your Rule 11 letter?

MR. VAVRICEK: Yes, it does, Your Honor. There are

Case 2:17-cr-01003-LRR-CJW   Document 62   Filed 07/24/17   Page 9 of 30

three different reasons.  The first is prior felonies.  The second is a prior domestic abuse conviction, and the third is he was both an unlawful user of marijuana and methamphetamine.  So the superseding indictment added the prior criminal history both for the felony and the domestic abuse and added a second ground.

THE COURT:  Very good.  I pulled it up here.  All right.  And so the superseding indictment alleges that you were prohibited for a number of reasons.  First the superseding indictment alleges that you were prohibited because you had been convicted of a crime of imprisonment punishable by more than one year in prison, basically a felony offense.  It alleges that there were two such convictions.  The first was burglary in the second degree.  You were convicted of that on March 26, 2002, in the Iowa District Court for Dubuque County in Case Number FECR0044725 and delivery of psilocybin or a/k/a magic mushrooms or psychedelic mushrooms in the Iowa District Court for Dubuque County on or about December 13, 1999, in Case Number FECR038510.

The other ground -- another ground that they allege in the superseding indictment that you're a prohibited person is you were previously convicted of a misdemeanor crime of domestic violence, specifically domestic abuse assault causing bodily injury in the Iowa Dist -- I'm sorry, Iowa -- in violation of Iowa Code section 708.2A(2)(b) on or about August 24, 2004, in the Iowa District for Dubuque County in Case Number SRCR060662.

And then finally, as I mentioned, they're alleging you

Case 2:17-cr-01003-LRR-CJW   Document 62   Filed 07/24/17   Page 10 of 30

are a prohibited person because you were an unlawful user of controlled substances, both marijuana and methamphetamine. And the government would not have to prove that you were prohibited for all of those reasons. Any one of those would be sufficient under the second prong or the second thing the government would have to prove. Do you understand the second thing the government would have to prove?

THE DEFENDANT: Yes, Your Honor.

THE COURT: When you possessed this firearm on November 7 of 2016, were you an unlawful user of marijuana and methamphetamine?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Prior to your possession of this firearm on November 7, 2016, had you been convicted of the felony offenses of burglary in the second degree in the Iowa District Court in Dubuque County and delivery of psilocybin mushrooms in the Iowa District Court for Dubuque County in 1999?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And prior to your possession of the firearm on November 7, 2016, had you been convicted of that misdemeanor crime of domestic violence in the Iowa District Court for Dubuque County?

THE DEFENDANT: Yes, Your Honor.

THE COURT: The third thing the government would have to prove is that the firearm that you possessed, that 40-caliber

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:17-cr-01003-LRR-CJW   Document 62   Filed 07/24/17   Page 11 of 30

pistol, had been transported across a state line at some point prior to your possession of it. Government would not have to prove you took it across state lines. They would simply have to prove that firearm crossed state lines at some point prior to your possession of it. That's fairly easily done in Iowa because there are very few firearms manufactured in the state of Iowa. Is it your -- first of all, do you understand the third thing the government would have to prove?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Is it your understanding that this firearm was manufactured outside the state of Iowa?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And, Mr. Vavricek, what is the government's evidence of the interstate nexus of this firearm?

MR. VAVRICEK: A Bureau of Alcohol, Tobacco, and Firearms agent examined it and determined it was -- it had traveled across a state line at some point.

THE COURT: Thank you. The parties have entered into a plea agreement in this case. It's in the form of a letter from Mr. Vavricek to Miss Johnston. It's dated March 20, 2017. It's been marked as Government's Exhibit Number 1. Is that being offered into evidence?

MR. VAVRICEK: Yes, Your Honor. For the record, I would note that on paragraph 16, page 8, the parties have each agreed that the final sentence may be crossed out, and it is

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:17-cr-01003-LRR-CJW   Document 62   Filed 07/24/17   Page 12 of 30

crossed out, and I just wanted to note that for the record.

* * * *

(Government Exhibit 1 was offered.)

* * * *

THE COURT: Thank you. Miss Johnston, any objection to Government's Exhibit 1?

MS. JOHNSTON: No, Your Honor.

THE COURT: One will be received.

* * * *

(Government Exhibit 1 was admitted.)

* * * *

THE COURT: Mr. Kieffer, do you have a copy of that plea agreement in front of you?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Turn to the last page, please. There's a signature line there that says Jeremy Michael Kieffer, and there's a signature above that. Is that your signature?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Had you reviewed this plea agreement in its entirety before you signed it?

THE DEFENDANT: Yes, I have, Your Honor.

THE COURT: By signing it, did you intend to indicate that you understood and agreed to the terms of this plea agreement?

THE DEFENDANT: Yes, Your Honor.

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 2:17-cr-01003-LRR-CJW   Document 62   Filed 07/24/17   Page 13 of 30

THE COURT: I don't want to know what questions you asked Miss Johnston or what answers she gave you, but I'm assuming as you went through this plea agreement you probably had some questions about different parts of it. Is that a fair assumption?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Did she answer all of your questions for you satisfactorily?

THE DEFENDANT: Yes, she did, Your Honor.

THE COURT: Do you have any questions today about the plea agreement that you've entered into with the government?

THE DEFENDANT: No, I don't, Your Honor.

THE COURT: Turn, please, to page 3 of the plea agreement. Starting at paragraph 7 there's a section entitled stipulation of facts. And there are subparagraphs A through G. Next to each of those subparagraphs is a line with a signature that looks like S.K. there. Is that your signature?

THE DEFENDANT: It's J.K., and yes, Your Honor.

THE COURT: J.K., thank you. And did you place your initials there to indicate that the information contained in those subparagraphs is true and correct?

THE DEFENDANT: Yes, Your Honor.

THE COURT: And, in fact, throughout this plea agreement, wherever I see blanks next to paragraphs, I see the same initials, J.K. And are those your initials in each

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:17-cr-01003-LRR-CJW Document 62 Filed 07/24/17 Page 14 of 30

instance?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And did you place those there to indicate that you understood and agreed with the terms of each of those paragraphs?

THE DEFENDANT:  Yes, I did, Your Honor.

THE COURT:  The government had mentioned that change that was made to paragraph 16 of the plea agreement, and I wanted to make sure that that change was made with your approval.  Is that correct?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Mr. Vavricek, do you believe I accurately described the elements of Count 1 of the indictment?

MR. VAVRICEK:  Yes, Your Honor.

THE COURT:  Did I establish an adequate factual basis for the defendant's guilty plea to Count 1?

MR. VAVRICEK:  Yes.

THE COURT:  Miss Johnston, do you believe Mr. Kieffer understands the elements of Count 1 of the indictment?

MS. JOHNSTON:  Yes, I do.

THE COURT:  Did I establish an adequate factual basis for his guilty plea?

MS. JOHNSTON:  Yes.

THE COURT:  Have you had full access to the government's discovery file in this case?

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:17-cr-01003-LRR-CJW   Document 62   Filed 07/24/17   Page 15 of 30

MS. JOHNSTON: Yes, I have.

THE COURT: After reviewing it, are you satisfied that it also establishes a factual basis for the defendant's guilty plea?

MS. JOHNSTON: Yes.

THE COURT: Do you know of any defense to this charge, Miss Johnston, you've not considered and discussed with Mr. Kieffer?

THE DEFENDANT: No, I don't.

THE COURT: Thank you.

Mr. Kieffer, I want to talk to you now about the maximum punishments that could be imposed if you plead guilty to this offense. The crime of being a prohibited person in possession of a firearm is punishable by up to ten years in prison without the possibility of parole.

After you serve your prison sentence, part of your punishment will be that you are placed on a term of supervised release of up to three years. The court could impose a fine of up to $250,000, and the court will impose a $100 special assessment.

Now, if you have been convicted of three or more offenses of either a violent felony or a serious drug offense or both committed on occasions different from one another, then you would be what is deemed to be an armed career criminal. I have no idea whether you have those convictions or not, but if you

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:17-cr-01003-LRR-CJW   Document 62   Filed 07/24/17   Page 16 of 30

have those convictions and you're an armed career criminal, then your punishment would be different. You would be facing a 15-year mandatory minimum sentence and a maximum sentence of up to life in prison without the possibility of parole. The term of supervised release would go -- instead of up to 3 years, it would be up to five years. The fine would be the same, so up to $250,000, and the court would again impose that $100 special assessment.

Do you understand both the mandatory minimum and maximum punishments that could be imposed by pleading guilty to this offense?

THE DEFENDANT: Yes, Your Honor.

THE COURT: At the time of sentencing, the judge will perform a calculation under the United States Sentencing Guidelines. Those guidelines are issued by the United States Sentencing Commission. That calculation will result in what's called an advisory guideline range. That's simply a range of months within which the sentencing commission suggests the judge should sentence you based on your crime of conviction and your background. The judge has to consider that advisory guideline range at the time of sentencing but is not bound to sentence you within that range. The judge can depart upward or downward from that range based on factors in the guidelines themselves or can vary upward or downward from that range based on factors in the sentencing statute.

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:17-cr-01003-LRR-CJW   Document 62   Filed 07/24/17   Page 17 of 30

So, Mr. Kieffer, what's important for you to understand is that the sentence imposed by the judge may be different from what the advisory guideline range suggests it should be. It may be different from what Miss Johnston has predicted or estimated the judge would impose in this case and can be all the way up to the statutory maximum penalty which in your case is ten years in prison without the possibility of parole. Or if you are an armed career criminal based on prior convictions, it could be life in prison without the possibility of parole. Do you understand all that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: You should also understand that you will be in custody for all of any prison sentence imposed by the court reduced for any credit you may earn for good behavior while in prison. You can earn up to approximately 13 percent off of your sentence for good behavior in prison. But you will not be seeing a parole board or being paroled early out of prison because there is no parole in the federal system. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Are you a United States citizen, sir?

THE DEFENDANT: Yes, I am, Your Honor.

THE COURT: As a -- this is a felony offense, and so as a result of this conviction, you will lose the right to vote, to hold public office, to serve on a jury, to possess firearms

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:17-cr-01003-LRR-CJW   Document 62   Filed 07/24/17   Page 18 of 30

and ammunition.  Do you understand the loss of citizenship rights that are associated with a felony conviction?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  I mentioned to you that part of your punishment will be that after you have served your prison sentence you will be placed on a period of supervised release of up to three years or, if you're an armed career criminal, up to five years.  During that time period your conduct will be monitored by a United States probation officer.

At the time of sentencing, the judge will impose certain conditions on your supervised release.  There are standard conditions, things like you can't possess any firearms or ammunition.  You can't possess or use controlled substances.  You can't commit any federal, state, or local crime.  There will be other conditions the court will impose on your supervised release.

What's important for you to understand, Mr. Kieffer, is while you're on supervised release you must comply with all the terms and conditions imposed by the court because if you violate any of them, the judge can revoke your supervised release and send you back to prison for all of any time you otherwise would have been on supervised release.  But the judge does not have to give you any credit for any time up to that point you might have successfully served on supervised release. Do you understand that?

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
Case 2:17-cr-01003-LRR-CJW  Document 62  Filed 07/24/17  Page 19 of 30
*to purchase a complete copy of the transcript.*

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  At paragraph 18 of the plea agreement there's a section entitled forfeiture, and it continues on to page 10 in paragraph 21.  And in that section of the plea agreement, you've agreed to forfeit or give up any right or interest you have in any property that was seized from you as part of this investigation.  And in particular, at paragraph 19F, it identifies a number of firearms that you're agreeing to forfeit interest or right you have to those assets.  Do you understand that by pleading guilty here today to this offense you'll be giving up any right or interest you have with that property?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  Mr. Vavricek, are you aware of any other collateral consequences that would arise from the defendant's guilty plea of which I need to advise him?

MR. VAVRICEK:  No, Your Honor.

THE COURT:  Mr. Kieffer, if you plead guilty here today, I will order a presentence investigation.  A probation officer will conduct a thorough investigation of this case and of your background and will draft a presentence investigation report.  You'll get a copy of that report.  And it's important that you go over that report very carefully with Miss Johnston. You need to point out to her any errors or mistakes or omissions you see in that report so that she can bring those to the

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:17-cr-01003-LRR-CJW    Document 62    Filed 07/24/17    Page 20 of 30

attention of the probation officer to get them corrected.

At the time of sentencing, the judge is going to rely very heavily on what's written in that report to try to figure out what the appropriate sentence should be. So it's in your best interest to work closely with Miss Johnston to make sure that report is as accurate as can be.

After all corrections are made to that report, the probation officer will issue a final presentence investigation report. Again, you and the government will get a copy of that report, and the judge will too. The judge will then schedule a sentencing hearing.

At that sentencing hearing, both you and the government can present evidence if you wish. You also will be given an opportunity to speak directly to the judge to let the judge know anything you think's important for the judge to take into account in determining what the appropriate sentence should be in your case.

Do you have any questions about the sentencing procedures that would follow a guilty plea in this case?

THE DEFENDANT: No, Your Honor.

THE COURT: Both you and the government would have a right to appeal any sentence imposed by the judge to the Eighth Circuit Court of Appeals. Do you understand your right to appeal?

THE DEFENDANT: Yes, Your Honor.

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov to purchase a complete copy of the transcript.*

THE COURT: Mr. Kieffer, if you plead guilty here today and the district judge accepts your guilty plea, you will have no right to withdraw that guilty plea later even if you change your mind or if you're unhappy with the sentence imposed by the court. Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Mr. Kieffer, has anybody forced or pressured or threatened you in any way to get you to plead guilty or made any promises to you to get you to plead guilty other than the promises the government has made to you in this written plea agreement that's been admitted as Government's Exhibit 1?

THE DEFENDANT: No, Your Honor.

THE COURT: Miss Johnston, do you believe a guilty plea in this case would be voluntary?

MS. JOHNSTON: Yes, Your Honor.

THE COURT: Do you know of any legal reason why a plea should not be accepted?

MS. JOHNSTON: No, I don't.

THE COURT: Do you know of anything I've omitted that would affect the validity of a guilty plea here?

MS. JOHNSTON: No.

THE COURT: Mr. Vavricek, are you aware of anything I've omitted that would affect the validity of a guilty plea?

MR. VAVRICEK: No, Your Honor.

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:17-cr-01003-LRR-CJW Document 62 Filed 07/24/17 Page 22 of 30

THE COURT: Mr. Kieffer, we've covered a lot of information in a short period of time, and I want to make sure you understood it all so you don't come back next week or next month or next year and tell me that there was something you didn't understand or that somebody forced or pressured you to plead guilty or something like that. Have you understood everything we've talked about here today?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you have any questions about anything that we've discussed?

THE DEFENDANT: No, I don't.

THE COURT: Has anybody forced or pressured you in any way to plead guilty?

THE DEFENDANT: No, Your Honor.

THE COURT: Is your decision to plead guilty a voluntary one?

THE DEFENDANT: Yes, it is.

THE COURT: Then, Mr. Kieffer, formally and for the record, how do you plead to Count 1 of the indictment which charges you with being a prohibited person in possession of a firearm? Guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: The record will reflect the defendant has pled guilty to Count 1 of the indictment.

I find that Mr. Kieffer is competent and fully

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:17-cr-01003-LRR-CJW   Document 62   Filed 07/24/17   Page 23 of 30

understands the charge against him. I also find that there's a factual basis for his guilty plea to Count 1 of the indictment.

I further find that Mr. Kieffer understands both the mandatory minimum and maximum punishments that could be imposed by pleading guilty to this offense and he knows his jury rights and has voluntarily waived his right to a jury trial.

I further find that his decision to plead guilty was a voluntary and knowing one and not the result of any force, pressure, threats, or promises other than the promises the government has made to him in the written plea agreement.

Therefore, I conclude the defendant should be found guilty based on his plea of guilty.

I also find that there's a factual nexus between the crime of conviction and the assets, in particular the firearms that are identified in paragraph 19F of the plea agreement.

And I will sign and file a report and recommendation recommending that the district judge accept the defendant's guilty plea.

Parties will have 14 days from the filing of that report and recommendation to object to any of the findings that I made. If no objections are made, then the district judge can accept my recommendation and Mr. Kieffer's guilty plea by simply entering a written order doing so.

I hereby order a presentence investigation, and the judge will schedule a sentencing hearing at a later date.

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

Case 2:17-cr-01003-LRR-CJW   Document 62   Filed 07/24/17   Page 24 of 30

Mr. Kieffer, do you have any questions about anything we've done here today?

THE DEFENDANT: No, I don't, Your Honor.

THE COURT: Mr. Vavricek, anything further on behalf of the United States?

MR. VAVRICEK: No, Your Honor. Thank you.

THE COURT: Miss Johnston, anything further on behalf of Mr. Kieffer?

MS. JOHNSTON: No, Your Honor.

THE COURT: Thank you. That will conclude the hearing.

(The foregoing plea was concluded at 2:51 p.m.)

CERTIFICATE

I certify that the foregoing is a correct transcript to the best of my ability over the telephone from the record of proceedings in the above-entitled matter.


S/Shelly Semmler                    7-3-17
Shelly Semmler, RMR, CRR            Date

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:17-cr-01003-LRR-CJW   Document 62   Filed 07/24/17   Page 25 of 30

**$**

**$100** [2] - 16:19, 17:7
**$250,000** [2] - 16:19, 17:7

**1**

**1** [11] - 12:21, 13:3, 13:6, 13:10, 15:13, 15:16, 15:19, 22:12, 23:19, 23:24, 24:2
**10** [1] - 20:4
**11** [3] - 2:4, 9:17, 9:24
**111** [2] - 1:10, 1:14
**12** [2] - 6:6, 6:14
**13** [2] - 10:17, 18:15
**14** [1] - 24:19
**15-year** [1] - 17:3
**16** [2] - 12:24, 15:8
**17CR1003** [1] - 2:3
**18** [1] - 20:2
**1999** [2] - 10:17, 11:17
**19F** [2] - 20:8, 24:15

**2**

**20** [1] - 12:20
**2002** [1] - 10:13
**2004** [1] - 10:23
**2016** [5] - 8:25, 9:8, 11:10, 11:14, 11:20
**2017** [2] - 1:11, 12:20
**21** [1] - 20:4
**22** [1] - 8:23
**222** [1] - 1:17
**233-3846** [1] - 1:20
**24** [1] - 10:23
**26** [1] - 10:13
**290** [1] - 1:17
**2:24** [1] - 1:11
**2:51** [1] - 25:13

**3**

**3** [2] - 14:13, 17:5
**30** [1] - 1:10
**320** [1] - 1:19
**37** [1] - 3:3

**4**

**40-caliber** [3] - 8:23, 9:5, 11:25

**5**

**51101** [1] - 1:20

**52401** [2] - 1:15, 1:18

**7**

**7** [6] - 8:25, 9:8, 11:10, 11:14, 11:20, 14:14
**7-3-17** [1] - 25:25
**708.2A(2)(b** [1] - 10:23
**712** [1] - 1:20

**8**

**8** [1] - 12:24

**A**

**a/k/a** [1] - 10:15
**ability** [3] - 4:19, 4:25, 25:21
**above-entitled** [1] - 25:22
**abuse** [3] - 10:2, 10:5, 10:21
**abused** [1] - 4:22
**accept** [3] - 8:17, 24:17, 24:22
**accepted** [1] - 22:18
**accepts** [1] - 22:2
**access** [1] - 15:24
**account** [2] - 8:6, 21:16
**accurate** [1] - 21:6
**accurately** [1] - 15:12
**added** [2] - 10:4, 10:5
**adequate** [2] - 15:15, 15:21
**admitted** [3] - 6:11, 13:10, 22:11
**advise** [1] - 20:16
**advisory** [3] - 17:17, 17:20, 18:3
**affect** [2] - 22:21, 22:24
**afford** [1] - 7:18
**agent** [1] - 12:16
**agree** [1] - 6:14
**agreeable** [1] - 2:22
**agreed** [4] - 12:25, 13:23, 15:4, 20:5
**agreeing** [1] - 20:8
**agreement** [14] - 12:19, 13:13, 13:19, 13:24, 14:3, 14:11, 14:14, 14:24, 15:8, 20:2, 20:5, 22:11, 24:10, 24:15

**alcohol** [2] - 4:22, 4:25
**Alcohol** [1] - 12:15
**allege** [1] - 10:18
**alleges** [6] - 8:22, 8:24, 9:15, 10:7, 10:9, 10:11
**alleging** [1] - 10:25
**alone** [1] - 6:23
**alternative** [1] - 9:18
**America** [1] - 2:2
**AMERICA** [1] - 1:3
**ammunition** [2] - 19:1, 19:13
**answer** [2] - 3:16, 14:7
**answers** [2] - 3:5, 14:2
**anxiety** [1] - 4:9
**appeal** [2] - 21:22, 21:24
**Appeals** [1] - 21:23
**APPEARANCES** [1] - 1:12
**appointed** [1] - 5:21
**appropriate** [2] - 21:4, 21:16
**approval** [1] - 15:10
**arise** [1] - 20:15
**armed** [4] - 16:24, 17:1, 18:8, 19:7
**arriving** [1] - 8:7
**assault** [1] - 10:21
**assessment** [2] - 16:20, 17:8
**assets** [2] - 20:9, 24:14
**assigned** [1] - 2:18
**Assistant** [4] - 1:14, 1:16, 2:5, 2:7
**associated** [1] - 19:2
**assuming** [1] - 14:3
**assumption** [1] - 14:5
**attention** [1] - 21:1
**Attorney** [2] - 1:14, 2:6
**attorney** [3] - 2:12, 3:2, 5:25
**August** [1] - 10:23
**Avenue** [3] - 1:10, 1:14, 1:17
**aware** [2] - 20:14, 22:23

**B**

**background** [2] - 17:20, 20:21
**based** [8] - 6:11,

8:12, 17:19, 17:23, 17:24, 18:8, 24:12
**basis** [4] - 15:15, 15:21, 16:3, 24:2
**bearing** [1] - 8:23
**behalf** [2] - 25:4, 25:7
**behavior** [2] - 18:14, 18:16
**best** [2] - 21:5, 25:21
**between** [1] - 24:13
**beyond** [1] - 6:21
**blanks** [1] - 14:24
**board** [1] - 18:17
**bodily** [1] - 10:21
**bound** [1] - 17:21
**bring** [1] - 20:25
**burden** [1] - 7:13
**Bureau** [1] - 12:15
**burglary** [2] - 10:12, 11:15

**C**

**C.J** [1] - 1:9
**calculation** [2] - 17:14, 17:16
**career** [4] - 16:24, 17:1, 18:8, 19:7
**carefully** [1] - 20:23
**case** [16] - 2:18, 5:21, 6:10, 6:18, 7:13, 7:15, 8:5, 9:20, 12:19, 15:25, 18:5, 18:7, 20:20, 21:17, 21:19, 22:15
**Case** [4] - 2:2, 10:14, 10:17, 10:24
**causing** [1] - 10:21
**Cedar** [3] - 1:10, 1:15, 1:18
**certain** [1] - 19:11
**CERTIFICATE** [1] - 25:19
**certify** [1] - 25:20
**challenge** [1] - 7:6
**change** [5] - 2:3, 2:20, 15:7, 15:9, 22:4
**charge** [10] - 2:15, 3:11, 3:18, 5:18, 5:22, 6:19, 7:10, 7:23, 16:6, 24:1
**charged** [1] - 2:9
**charges** [1] - 23:20
**chose** [1] - 8:3
**Circuit** [1] - 21:23
**citizen** [1] - 18:21
**citizenship** [1] - 19:1
**city** [1] - 9:10
**City** [1] - 1:20

**closely** [1] - 21:5
**Code** [1] - 10:23
**collateral** [1] - 20:15
**commencing** [1] - 1:11
**Commission** [1] - 17:16
**commission** [1] - 17:18
**commit** [1] - 19:14
**committed** [1] - 16:23
**community** [1] - 6:7
**competent** [2] - 5:14, 23:25
**comply** [1] - 19:18
**conclude** [2] - 24:11, 25:10
**concluded** [1] - 25:13
**conditions** [4] - 19:11, 19:12, 19:15, 19:19
**conduct** [2] - 19:8, 20:20
**confront** [2] - 7:5, 7:9
**confrontation** [1] - 7:1
**consent** [2] - 2:22, 3:1
**consequences** [1] - 20:15
**consider** [1] - 17:20
**considered** [1] - 16:7
**contained** [1] - 14:20
**continue** [1] - 5:23
**continues** [1] - 20:3
**controlled** [2] - 11:2, 19:13
**convicted** [7] - 3:13, 10:10, 10:13, 10:20, 11:14, 11:20, 16:21
**conviction** [5] - 10:2, 17:19, 18:24, 19:2, 24:14
**convictions** [4] - 10:12, 16:25, 17:1, 18:9
**copy** [3] - 13:12, 20:22, 21:9
**correct** [3] - 14:21, 15:10, 25:20
**corrected** [1] - 21:1
**corrections** [1] - 21:7
**Count** [6] - 15:13, 15:16, 15:19, 23:19, 23:24, 24:2
**County** [6] - 10:14,

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:17-cr-01003-LRR-CJW   Document 62   Filed 07/24/17   Page 26 of 30

| | | | | |
|---|---|---|---|---|
| 10:17, 10:24, 11:16, 11:17, 11:22 | cross-section [1] - 6:7 | detail [1] - 2:12 | entirety [1] - 13:20 | findings [1] - 24:20 |
| court [10] - 2:20, 7:3, 7:19, 16:18, 16:19, 17:7, 18:14, 19:15, 19:19, 22:5 | crossed [3] - 12:4, 12:25, 13:1 | determined [1] - 12:16 | entitled [3] - 14:14, 20:3, 25:22 | fine [2] - 16:18, 17:6 |
| | CRR [2] - 1:19, 25:25 | determining [1] - 21:16 | errors [1] - 20:24 | fined [1] - 3:14 |
| | custody [1] - 18:13 | different [6] - 10:1, 14:4, 16:23, 17:2, 18:3, 18:4 | ESQ [2] - 1:13, 1:16 | firearm [16] - 2:11, 8:19, 8:22, 8:24, 9:11, 9:15, 9:19, 11:9, 11:13, 11:20, 11:25, 12:4, 12:10, 12:14, 16:14, 23:21 |
| COURT [88] - 1:1, 2:1, 2:14, 2:17, 2:25, 3:9, 3:16, 3:21, 4:2, 4:4, 4:6, 4:9, 4:12, 4:16, 4:21, 4:24, 5:3, 5:6, 5:9, 5:13, 5:16, 6:2, 6:5, 6:17, 7:1, 7:12, 7:25, 8:10, 8:16, 9:4, 9:7, 9:10, 9:13, 9:22, 10:6, 11:9, 11:13, 11:19, 11:24, 12:10, 12:13, 12:18, 13:5, 13:8, 13:12, 13:15, 13:19, 13:22, 14:1, 14:7, 14:10, 14:13, 14:19, 14:23, 15:3, 15:7, 15:12, 15:15, 15:18, 15:21, 15:24, 16:2, 16:6, 16:10, 17:13, 18:12, 18:21, 18:23, 19:4, 20:2, 20:14, 20:18, 21:21, 22:1, 22:7, 22:14, 22:17, 22:20, 22:23, 23:1, 23:9, 23:12, 23:15, 23:18, 23:23, 25:4, 25:7, 25:10 | **D** | | establish [2] - 15:15, 15:21 | firearms [5] - 12:6, 18:25, 19:12, 20:8, 24:14 |
| | date [1] - 24:25 | difficulty [2] - 4:6, 5:7 | establishes [1] - 16:3 | Firearms [1] - 12:16 |
| | Date [1] - 25:25 | directly [1] - 21:14 | estimated [1] - 18:5 | first [8] - 3:21, 5:19, 8:21, 9:1, 10:1, 10:8, 10:12, 12:7 |
| | dated [1] - 12:20 | discovery [1] - 15:25 | evidence [6] - 6:11, 6:21, 7:15, 12:14, 12:22, 21:13 | five [2] - 17:6, 19:8 |
| | days [1] - 24:19 | discuss [1] - 8:6 | examine [1] - 7:7 | follow [1] - 21:19 |
| | December [1] - 10:17 | discussed [2] - 16:7, 23:10 | examined [1] - 12:16 | FOR [1] - 1:1 |
| | decision [2] - 23:15, 24:7 | Dist [1] - 10:22 | Exhibit [5] - 12:21, 13:3, 13:6, 13:10, 22:12 | force [1] - 24:8 |
| | deemed [1] - 16:24 | district [5] - 2:20, 8:16, 22:2, 24:17, 24:21 | exhibits [1] - 7:17 | forced [3] - 22:7, 23:5, 23:12 |
| | Defendant [2] - 1:7, 1:16 | DISTRICT [2] - 1:1, 1:1 | expense [1] - 5:24 | foregoing [2] - 25:12, 25:20 |
| | defendant [4] - 2:6, 3:2, 23:23, 24:11 | District [10] - 1:9, 1:10, 2:19, 8:25, 10:14, 10:16, 10:24, 11:15, 11:17, 11:21 | expenses [1] - 7:19 | forfeit [2] - 20:5, 20:9 |
| | DEFENDANT [66] - 2:13, 2:16, 2:24, 3:8, 3:15, 3:20, 4:1, 4:3, 4:5, 4:8, 4:11, 4:15, 4:20, 4:23, 5:2, 5:5, 5:8, 5:12, 6:1, 6:4, 6:16, 6:25, 7:11, 7:24, 8:9, 8:15, 9:3, 9:6, 9:9, 9:12, 11:8, 11:12, 11:18, 11:23, 12:9, 12:12, 13:14, 13:18, 13:21, 13:25, 14:6, 14:9, 14:12, 14:18, 14:22, 15:2, 15:6, 15:11, 16:9, 17:12, 18:11, 18:20, 18:22, 19:3, 20:1, 20:13, 21:20, 21:25, 22:6, 22:13, 23:8, 23:11, 23:14, 23:17, 23:22, 25:3 | DIVISION [1] - 1:2 | **F** | forfeiture [1] - 20:3 |
| Court [10] - 1:9, 2:1, 2:19, 5:21, 10:14, 10:16, 11:16, 11:17, 11:22, 21:23 | | document [1] - 3:2 | facing [1] - 17:2 | form [1] - 12:19 |
| | | domestic [5] - 10:2, 10:5, 10:20, 10:21, 11:21 | fact [4] - 4:16, 8:7, 8:18, 14:23 | formally [1] - 23:18 |
| | | done [3] - 5:10, 12:5, 25:2 | factors [2] - 17:23, 17:24 | front [1] - 13:13 |
| Court's [1] - 3:3 | | doubt [1] - 6:22 | facts [1] - 14:15 | full [3] - 2:11, 3:25, 15:24 |
| Courthouse [1] - 1:10 | | downward [2] - 17:22, 17:24 | factual [5] - 15:15, 15:21, 16:3, 24:2, 24:13 | fully [1] - 23:25 |
| covered [1] - 23:1 | | draft [1] - 20:21 | fair [1] - 14:4 | **G** |
| CR17-1003-LRR [1] - 1:5 | | drug [2] - 5:4, 16:22 | fairly [2] - 6:11, 12:5 | |
| credit [2] - 18:14, 19:23 | defendant's [6] - 5:14, 9:18, 15:16, 16:3, 20:15, 24:17 | drugs [2] - 4:21, 4:25 | false [3] - 3:11, 3:12, 3:17 | generally [1] - 6:2 |
| crime [9] - 2:10, 8:18, 10:10, 10:20, 11:21, 16:13, 17:19, 19:14, 24:14 | Defender [2] - 1:16, 2:7 | Dubuque [7] - 9:12, 10:14, 10:16, 10:24, 11:16, 11:17, 11:22 | far [1] - 4:4 | given [2] - 6:12, 21:14 |
| | defense [4] - 7:12, 7:16, 7:23, 16:6 | during [2] - 3:4, 19:8 | FECR0044725 [1] - 10:15 | Glock [2] - 8:23, 9:4 |
| crimes [3] - 3:12, 3:13, 3:19 | degree [2] - 10:13, 11:15 | **E** | FECR038510 [1] - 10:17 | Government [2] - 13:3, 13:10 |
| criminal [6] - 7:13, 10:4, 16:24, 17:1, 18:8, 19:7 | deliberated [2] - 8:5, 8:13 | | federal [2] - 18:18, 19:14 | government [23] - 3:11, 3:18, 6:21, 7:2, 7:14, 7:19, 8:20, 8:21, 9:1, 9:13, 11:3, 11:5, 11:7, 11:24, 12:2, 12:8, 14:11, 15:7, 21:9, 21:13, 21:21, 22:10, 24:10 |
| | delivery [2] - 10:15, 11:16 | early [1] - 18:17 | Federal [4] - 1:10, 1:16, 2:4, 2:7 | |
| Criminal [2] - 2:2, 2:4 | depart [1] - 17:22 | earn [2] - 18:14, 18:15 | felonies [1] - 10:1 | |
| cross [2] - 6:7, 7:7 | depression [1] - 4:10 | easily [1] - 12:5 | felony [6] - 10:5, 10:11, 11:14, 16:22, 18:23, 19:2 | government's [2] - 12:14, 15:25 |
| cross-examine [1] - 7:7 | described [1] - 15:13 | EASTERN [1] - 1:2 | few [1] - 12:6 | Government's [3] - 12:21, 13:6, 22:11 |
| | designed [1] - 3:22 | Eighth [1] - 21:22 | fight [1] - 5:22 | grade [1] - 4:5 |
| | | either [1] - 16:22 | figure [1] - 21:3 | ground [3] - 10:5, 10:18 |
| | | elements [2] - 15:13, 15:19 | file [3] - 3:3, 15:25, 24:16 | grounds [1] - 9:18 |
| | | eleventh [1] - 4:5 | filed [1] - 3:2 | group [1] - 6:6 |
| | | English [1] - 4:7 | filing [1] - 24:19 | guideline [3] - 17:17, 17:20, 18:3 |
| | | enter [2] - 3:23, 5:14 | final [2] - 12:25, 21:8 | |
| | | entered [2] - 12:18, 14:11 | finally [2] - 7:25, 10:25 | |
| | | entering [1] - 24:23 | | |

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*
Case 2:17-cr-01003-LRR-CJW   Document 62   Filed 07/24/17   Page 27 of 30

**Guidelines** [1] - 17:15
**guidelines** [2] - 17:15, 17:23
**guilt** [1] - 6:21
**guilty** [45] - 2:15, 3:24, 5:14, 5:17, 6:24, 7:8, 7:21, 8:11, 8:12, 8:14, 8:17, 8:18, 8:19, 15:16, 15:22, 16:3, 16:12, 17:10, 20:10, 20:16, 20:18, 21:19, 22:1, 22:2, 22:3, 22:9, 22:14, 22:21, 22:24, 23:6, 23:13, 23:15, 23:21, 23:22, 23:24, 24:2, 24:5, 24:7, 24:12, 24:18, 24:22

### H

**hand** [1] - 3:7
**hearing** [8] - 2:4, 2:21, 3:4, 21:11, 21:12, 24:25, 25:11
**heavily** [1] - 21:3
**held** [1] - 1:9
**help** [1] - 5:19
**hereby** [1] - 24:24
**history** [1] - 10:4
**hold** [1] - 18:25
**Honor** [61] - 2:13, 2:16, 2:24, 3:15, 3:20, 4:20, 5:2, 5:5, 5:8, 5:12, 5:15, 6:1, 6:4, 6:16, 6:25, 7:11, 7:24, 8:9, 8:15, 9:3, 9:25, 11:8, 11:12, 11:18, 11:23, 12:9, 12:12, 12:23, 13:7, 13:14, 13:18, 13:21, 13:25, 14:6, 14:9, 14:12, 14:18, 14:22, 15:2, 15:6, 15:11, 15:14, 17:12, 18:11, 18:20, 18:22, 19:3, 20:1, 20:13, 20:17, 21:20, 21:25, 22:6, 22:13, 22:16, 22:25, 23:8, 23:14, 25:3, 25:6, 25:9
**Honorable** [1] - 1:9

### I

**IA** [3] - 1:15, 1:18, 1:20
**idea** [1] - 16:25
**identified** [1] - 24:15
**identifies** [1] - 20:8

**illegal** [1] - 4:21
**illness** [3] - 4:10, 4:14, 4:17
**impact** [2] - 4:19, 4:25
**important** [6] - 3:16, 5:9, 18:1, 19:17, 20:22, 21:15
**impose** [6] - 16:18, 16:19, 17:7, 18:5, 19:10, 19:15
**imposed** [8] - 16:12, 17:10, 18:2, 18:13, 19:19, 21:22, 22:4, 24:4
**imprisonment** [2] - 3:14, 10:10
**IN** [1] - 1:1
**include** [1] - 9:23
**indicate** [3] - 13:22, 14:20, 15:3
**indictment** [15] - 2:9, 2:12, 8:22, 9:15, 9:20, 9:23, 10:4, 10:7, 10:9, 10:19, 15:13, 15:19, 23:19, 23:24, 24:2
**information** [2] - 14:20, 23:2
**initials** [3] - 14:20, 14:25
**injury** [1] - 10:22
**innocence** [3] - 6:17, 6:20, 6:23
**innocent** [1] - 6:19
**instance** [1] - 15:1
**instead** [1] - 17:5
**intend** [1] - 13:22
**intent** [1] - 2:15
**interest** [4] - 20:6, 20:9, 20:11, 21:5
**interstate** [1] - 12:14
**investigation** [6] - 20:7, 20:19, 20:20, 20:21, 21:8, 24:24
**IOWA** [1] - 1:1
**Iowa** [16] - 1:10, 1:10, 8:25, 9:12, 10:14, 10:16, 10:22, 10:23, 10:24, 11:15, 11:17, 11:21, 12:5, 12:7, 12:11
**issue** [1] - 21:8
**issued** [1] - 17:15

### J

**J.K** [3] - 14:18, 14:19, 14:25
**Jeremy** [3] - 2:2, 4:1, 13:16

**JEREMY** [2] - 1:6, 3:8
**Jill** [1] - 2:8
**JILL** [1] - 1:16
**Johnston** [17] - 2:8, 5:13, 5:21, 5:23, 6:3, 6:7, 7:7, 12:20, 13:5, 14:2, 15:18, 16:7, 18:4, 20:23, 21:5, 22:14, 25:7
**JOHNSTON** [11] - 1:16, 5:15, 13:7, 15:20, 15:23, 16:1, 16:5, 22:16, 22:19, 22:22, 25:9
**judge** [29] - 2:18, 2:19, 2:20, 3:1, 6:12, 6:18, 6:22, 8:4, 8:16, 17:13, 17:18, 17:20, 17:22, 18:2, 18:5, 19:10, 19:20, 19:22, 21:2, 21:10, 21:14, 21:15, 21:22, 22:2, 24:17, 24:21, 24:25
**Judge** [1] - 1:9
**jurors** [5] - 6:10, 6:14, 6:19, 6:22, 8:5
**jury** [9] - 6:6, 6:9, 6:13, 6:15, 8:4, 8:13, 18:25, 24:5, 24:6

### K

**KIEFFER** [2] - 1:6, 3:8
**Kieffer** [27] - 2:2, 2:9, 3:4, 3:10, 4:1, 5:16, 6:18, 7:2, 7:8, 7:21, 8:10, 13:12, 13:16, 15:18, 16:8, 16:11, 18:1, 19:17, 20:18, 22:1, 22:7, 23:1, 23:18, 23:25, 24:3, 25:1, 25:8
**Kieffer's** [1] - 24:22
**knowing** [1] - 24:8
**knowingly** [4] - 3:11, 3:23, 8:22, 9:4
**knows** [1] - 24:5
**KTX671** [1] - 8:24

### L

**language** [1] - 4:7
**last** [1] - 13:15
**law** [2] - 6:12, 9:14
**lawyer** [1] - 5:19
**legal** [1] - 22:17
**letter** [3] - 9:17, 9:24, 12:19

**lie** [1] - 3:10
**life** [2] - 17:4, 18:9
**line** [4] - 12:1, 12:17, 13:16, 14:16
**lines** [2] - 12:3, 12:4
**listed** [1] - 9:24
**local** [1] - 19:14
**looks** [1] - 14:17
**lose** [1] - 18:24
**loss** [1] - 19:1

### M

**magic** [1] - 10:15
**magistrate** [2] - 2:18, 3:1
**Magistrate** [1] - 1:9
**mandatory** [3] - 17:3, 17:9, 24:4
**manufactured** [2] - 12:6, 12:11
**March** [3] - 1:10, 10:13, 12:20
**marijuana** [4] - 9:16, 10:3, 11:2, 11:10
**marked** [1] - 12:21
**matter** [4] - 2:1, 2:3, 5:20, 25:22
**maximum** [5] - 16:12, 17:3, 17:10, 18:6, 24:4
**meaning** [1] - 6:14
**means** [1] - 7:2
**medication** [1] - 5:3
**mental** [4] - 3:23, 4:10, 4:14, 4:17
**mentioned** [3] - 10:25, 15:7, 19:4
**methamphetamine** [3] - 10:3, 11:2, 11:11
**MICHAEL** [1] - 1:6
**Michael** [3] - 2:2, 4:1, 13:16
**might** [2] - 5:6, 19:24
**mind** [2] - 4:18, 22:4
**minimum** [3] - 17:3, 17:9, 24:4
**misdemeanor** [2] - 10:20, 11:21
**Miss** [16] - 5:13, 5:21, 5:23, 6:3, 6:7, 7:7, 12:20, 13:5, 14:2, 15:18, 16:7, 18:4, 20:23, 21:5, 22:14, 25:7
**mistakes** [1] - 20:24
**model** [1] - 8:23
**monitored** [1] - 19:9
**month** [1] - 23:4
**months** [1] - 17:18

**MR** [9] - 9:21, 9:25, 12:15, 12:23, 15:14, 15:17, 20:17, 22:25, 25:6
**MS** [10] - 5:15, 13:7, 15:20, 15:23, 16:1, 16:5, 22:16, 22:19, 22:22, 25:9
**mushrooms** [3] - 10:15, 10:16, 11:16
**must** [2] - 3:6, 19:18

### N

**name** [1] - 3:25
**need** [4] - 2:17, 8:17, 20:16, 20:24
**never** [1] - 7:14
**next** [5] - 14:16, 14:24, 23:3, 23:4
**nexus** [2] - 12:14, 24:13
**nobody** [1] - 8:2
**NORTHERN** [1] - 1:1
**Northern** [2] - 1:10, 8:25
**note** [4] - 2:25, 9:17, 12:24, 13:1
**November** [5] - 8:25, 9:8, 11:10, 11:14, 11:20
**Number** [5] - 2:3, 10:14, 10:17, 10:24, 12:21
**number** [4] - 3:3, 8:24, 10:8, 20:8

### O

**oath** [4] - 3:6, 3:7, 3:10, 6:10
**object** [1] - 24:20
**objection** [1] - 13:5
**objections** [1] - 24:21
**occasions** [1] - 16:23
**OF** [3] - 1:1, 1:3, 1:6
**offense** [8] - 8:20, 10:11, 16:13, 16:22, 17:11, 18:23, 20:10, 24:5
**offenses** [2] - 11:15, 16:22
**offer** [1] - 7:17
**offered** [2] - 12:22, 13:3
**office** [1] - 18:25
**officer** [4] - 19:9, 20:20, 21:1, 21:8

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

**old** [1] - 4:2
**omissions** [1] - 20:24
**omitted** [2] - 22:20, 22:24
**one** [6] - 10:10, 11:4, 13:8, 16:23, 23:16, 24:8
**open** [1] - 7:3
**opportunity** [2] - 2:11, 21:14
**order** [3] - 20:19, 24:23, 24:24
**otherwise** [1] - 19:22
**outside** [1] - 12:11
**overcome** [1] - 6:20
**own** [2] - 4:18, 8:1

**P**

**p.m** [2] - 1:11, 25:13
**page** [4] - 12:24, 13:15, 14:13, 20:4
**paragraph** [7] - 12:24, 14:14, 15:8, 20:2, 20:4, 20:7, 24:15
**paragraphs** [2] - 14:24, 15:5
**parole** [6] - 16:15, 17:4, 18:8, 18:10, 18:17, 18:18
**paroled** [1] - 18:17
**part** [3] - 16:16, 19:4, 20:7
**particular** [2] - 20:7, 24:14
**parties** [3] - 12:18, 12:24, 24:19
**parts** [1] - 14:4
**past** [2] - 4:21, 4:24
**pay** [1] - 7:19
**penalty** [1] - 18:6
**people** [2] - 6:6, 6:8
**percent** [1] - 18:15
**perform** [1] - 17:14
**period** [4] - 3:13, 19:6, 19:8, 23:2
**perjury** [1] - 3:12
**person** [6] - 2:10, 8:18, 10:19, 11:1, 16:13, 23:20
**personally** [1] - 2:6
**pistol** [3] - 8:23, 9:5, 12:1
**place** [3] - 3:7, 14:19, 15:3
**placed** [2] - 16:17, 19:6
**Plaintiff** [2] - 1:4,

1:13
**plea** [36] - 2:3, 2:20, 3:24, 5:14, 8:12, 8:17, 12:19, 13:13, 13:19, 13:23, 14:3, 14:11, 14:13, 14:23, 15:8, 15:16, 15:22, 16:4, 20:2, 20:4, 20:16, 21:19, 22:2, 22:3, 22:11, 22:15, 22:17, 22:21, 22:24, 24:2, 24:10, 24:12, 24:15, 24:18, 24:22, 25:12
**PLEA** [1] - 1:6
**Plea** [1] - 1:9
**plead** [15] - 2:15, 5:17, 7:8, 7:21, 8:10, 16:12, 20:18, 22:1, 22:8, 22:9, 23:6, 23:13, 23:15, 23:19, 24:7
**pleading** [3] - 17:10, 20:10, 24:5
**pled** [1] - 23:24
**point** [6] - 5:10, 12:1, 12:4, 12:17, 19:24, 20:24
**possess** [5] - 9:4, 9:7, 18:25, 19:12, 19:13
**possessed** [6] - 8:22, 8:23, 8:24, 9:11, 11:9, 11:25
**possessing** [1] - 9:14
**possession** [8] - 2:10, 8:19, 11:13, 11:19, 12:2, 12:5, 16:14, 23:20
**possibility** [4] - 16:15, 17:4, 18:7, 18:9
**predicted** [1] - 18:5
**prescription** [1] - 5:4
**present** [6] - 2:7, 7:12, 7:15, 7:16, 7:22, 21:13
**presentence** [4] - 20:19, 20:21, 21:8, 24:24
**preside** [3] - 2:20, 2:21, 2:22
**pressure** [1] - 24:9
**pressured** [3] - 22:8, 23:5, 23:12
**presumed** [1] - 6:19
**presumption** [3] - 6:17, 6:20, 6:23
**previously** [1] - 10:20

**prison** [12] - 10:11, 16:15, 16:16, 17:4, 18:7, 18:9, 18:13, 18:15, 18:16, 18:18, 19:5, 19:21
**probation** [4] - 19:9, 20:19, 21:1, 21:8
**Procedure** [1] - 2:5
**procedures** [1] - 21:19
**proceed** [1] - 3:1
**proceeding** [3] - 4:19, 5:1, 5:7
**proceedings** [1] - 25:22
**produced** [1] - 6:21
**prohibited** [13] - 2:10, 8:18, 9:14, 9:15, 9:19, 9:24, 10:8, 10:9, 10:19, 11:1, 11:3, 16:13, 23:20
**promises** [4] - 22:9, 22:10, 24:9
**prong** [1] - 11:5
**pronounced** [1] - 8:14
**proof** [1] - 7:13
**property** [2] - 20:6, 20:12
**prosecutor** [1] - 8:3
**prove** [11] - 8:20, 8:21, 9:2, 9:14, 11:3, 11:6, 11:7, 11:25, 12:3, 12:4, 12:8
**proved** [1] - 6:21
**provided** [1] - 6:3
**psilocybin** [2] - 10:15, 11:16
**psychedelic** [1] - 10:16
**Public** [1] - 2:7
**public** [3] - 6:5, 6:15, 18:25
**pulled** [2] - 9:22, 10:6
**punishable** [2] - 10:10, 16:14
**punishment** [3] - 16:17, 17:2, 19:5
**punishments** [3] - 16:12, 17:10, 24:4
**purposes** [1] - 9:24
**pursuant** [1] - 2:4

**Q**

**questions** [11] - 3:5, 3:6, 3:17, 3:21, 14:1, 14:4, 14:7, 14:10, 21:18, 23:9, 25:1

**R**

**raise** [1] - 3:7
**range** [7] - 17:17, 17:21, 17:22, 17:23, 17:24, 18:3
**Rapids** [3] - 1:10, 1:15, 1:18
**reading** [1] - 4:6
**reason** [4] - 5:4, 5:6, 5:13, 22:17
**reasonable** [1] - 6:22
**reasons** [3] - 10:1, 10:8, 11:4
**received** [1] - 13:8
**receiving** [1] - 4:17
**recommend** [1] - 8:16
**recommendation** [3] - 24:16, 24:20, 24:22
**recommending** [1] - 24:17
**record** [6] - 2:25, 12:23, 13:1, 23:19, 23:23, 25:21
**reduced** [1] - 18:14
**reflect** [1] - 23:23
**release** [9] - 16:18, 17:5, 19:6, 19:11, 19:16, 19:18, 19:21, 19:22, 19:24
**rely** [1] - 21:2
**remain** [1] - 7:25
**report** [11] - 20:22, 20:23, 20:25, 21:3, 21:6, 21:7, 21:9, 21:10, 24:16, 24:20
**Reported** [1] - 1:19
**represent** [3] - 5:20, 5:21, 5:23
**represented** [2] - 2:5, 2:7
**result** [3] - 17:16, 18:24, 24:8
**review** [1] - 2:11
**reviewed** [1] - 13:19
**reviewing** [1] - 16:2
**revoke** [1] - 19:20
**rights** [3] - 5:17, 19:2, 24:5
**RMR** [2] - 1:19, 25:25
**role** [1] - 6:8
**room** [1] - 8:13
**Rule** [3] - 2:4, 9:17, 9:24
**Rules** [1] - 2:4

**S**

**S.K** [1] - 14:17

**s/Shelly** [1] - 25:25
**satisfactorily** [1] - 14:8
**satisfied** [3] - 6:2, 8:17, 16:2
**schedule** [2] - 21:10, 24:25
**school** [1] - 4:4
**seat** [1] - 3:9
**second** [8] - 9:13, 10:2, 10:5, 10:13, 11:5, 11:6, 11:15
**section** [5] - 6:7, 10:23, 14:14, 20:3, 20:4
**see** [5] - 7:4, 14:24, 20:25
**seeing** [1] - 18:17
**seized** [1] - 20:6
**selected** [1] - 6:6
**selecting** [1] - 6:8
**Semmler** [3] - 1:19, 25:25, 25:25
**send** [1] - 19:21
**sentence** [14] - 12:25, 16:16, 17:3, 17:19, 17:21, 18:2, 18:13, 18:16, 19:6, 21:4, 21:16, 21:22, 22:4
**sentenced** [1] - 3:13
**sentencing** [10] - 17:13, 17:18, 17:21, 17:25, 19:10, 21:2, 21:11, 21:12, 21:18, 24:25
**Sentencing** [2] - 17:14, 17:16
**serial** [1] - 8:23
**series** [2] - 3:5, 3:21
**serious** [1] - 16:22
**serve** [3] - 6:8, 16:16, 18:25
**served** [3] - 7:18, 19:5, 19:24
**services** [1] - 6:3
**Seventh** [2] - 1:10, 1:14
**Shelly** [2] - 1:19, 25:25
**shift** [1] - 7:14
**short** [1] - 23:2
**sign** [1] - 24:16
**signature** [5] - 13:16, 13:17, 14:16, 14:17
**signed** [2] - 3:2, 13:20
**signing** [1] - 13:22
**silent** [1] - 8:1
**simply** [4] - 3:22,

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov*
*to purchase a complete copy of the transcript.*

| | T | therefore [1] - 24:11 | 10:3, 11:1, 11:10 | 18:7, 19:7, 19:8 |
|---|---|---|---|---|

12:3, 17:17, 24:22
**Sioux** [1] - 1:20
**six** [1] - 4:3
**Sixth** [1] - 1:19
**sorry** [1] - 10:22
**Southeast** [3] - 1:10, 1:14, 1:17
**special** [2] - 16:19, 17:7
**specifically** [1] - 10:21
**speedy** [2] - 6:6, 6:15
**SRCR060662** [1] - 10:24
**stand** [1] - 3:6
**standard** [1] - 19:12
**start** [1] - 3:24
**starting** [1] - 14:14
**state** [8] - 3:23, 12:1, 12:3, 12:4, 12:6, 12:11, 12:17, 19:14
**statement** [4] - 3:11, 3:12, 3:17, 3:18
**STATES** [2] - 1:1, 1:3
**States** [12] - 1:9, 1:14, 2:2, 2:5, 2:6, 2:18, 2:19, 17:14, 17:15, 18:21, 19:9, 25:5
**statute** [1] - 17:25
**statutory** [1] - 18:6
**stipulation** [1] - 14:15
**Street** [1] - 1:19
**subparagraphs** [3] - 14:15, 14:16, 14:21
**subpoenas** [1] - 7:18
**substances** [2] - 11:2, 19:13
**successfully** [1] - 19:24
**suffered** [1] - 4:9
**sufficient** [1] - 11:4
**suggests** [2] - 17:18, 18:3
**Suite** [1] - 1:17
**summary** [1] - 8:10
**superseding** [6] - 9:19, 9:23, 10:4, 10:7, 10:8, 10:19
**supervised** [9] - 16:17, 17:5, 19:6, 19:11, 19:15, 19:18, 19:20, 19:22, 19:24
**swear** [1] - 6:10
**SWORN** [1] - 3:8
**system** [1] - 18:18

**T**

**TAKING** [1] - 1:6
**telephone** [2] - 1:19, 25:21
**ten** [2] - 16:14, 18:7
**term** [2] - 16:17, 17:4
**terms** [3] - 13:23, 15:4, 19:19
**testify** [5] - 8:1, 8:2, 8:3, 8:7
**testimony** [1] - 7:6
**THE** [154] - 1:1, 1:1, 2:1, 2:13, 2:14, 2:16, 2:17, 2:24, 2:25, 3:9, 3:15, 3:16, 3:20, 3:21, 4:1, 4:2, 4:3, 4:4, 4:5, 4:6, 4:8, 4:9, 4:11, 4:12, 4:15, 4:16, 4:20, 4:21, 4:23, 4:24, 5:2, 5:3, 5:5, 5:6, 5:8, 5:9, 5:12, 5:13, 5:16, 6:1, 6:2, 6:4, 6:5, 6:16, 6:17, 6:25, 7:1, 7:11, 7:12, 7:24, 7:25, 8:9, 8:10, 8:15, 8:16, 9:3, 9:4, 9:6, 9:7, 9:9, 9:10, 9:12, 9:13, 9:22, 10:6, 11:8, 11:9, 11:12, 11:13, 11:18, 11:19, 11:23, 11:24, 12:9, 12:10, 12:12, 12:13, 12:18, 13:5, 13:8, 13:12, 13:14, 13:15, 13:18, 13:19, 13:21, 13:22, 13:25, 14:1, 14:6, 14:7, 14:9, 14:10, 14:12, 14:13, 14:18, 14:19, 14:22, 14:23, 15:2, 15:3, 15:6, 15:7, 15:11, 15:12, 15:15, 15:18, 15:21, 15:24, 16:2, 16:6, 16:9, 16:10, 17:12, 17:13, 18:11, 18:12, 18:20, 18:21, 18:22, 18:23, 19:3, 19:4, 20:1, 20:2, 20:13, 20:14, 20:18, 21:20, 21:21, 21:25, 22:1, 22:6, 22:7, 22:13, 22:14, 22:17, 22:20, 22:23, 23:1, 23:8, 23:9, 23:11, 23:12, 23:14, 23:15, 23:17, 23:18, 23:22, 23:23, 25:3, 25:4, 25:7, 25:10
**themselves** [2] - 8:7, 17:23

**therefore** [1] - 24:11
**think's** [1] - 21:15
**Third** [1] - 1:17
**third** [3] - 10:2, 11:24, 12:7
**thirty** [1] - 4:3
**thirty-six** [1] - 4:3
**thorough** [1] - 20:20
**threatened** [1] - 22:8
**threats** [1] - 24:9
**three** [5] - 8:20, 10:1, 16:18, 16:21, 19:7
**throughout** [1] - 14:23
**Tim** [1] - 2:6
**TIMOTHY** [1] - 1:13
**Tobacco** [1] - 12:15
**today** [14] - 2:15, 2:23, 3:24, 5:10, 5:18, 7:8, 7:22, 8:11, 14:10, 20:10, 20:19, 22:2, 23:7, 25:2
**took** [1] - 12:3
**town** [1] - 9:10
**transcript** [1] - 25:20
**TRANSCRIPT** [1] - 1:6
**transported** [1] - 12:1
**traveled** [1] - 12:17
**treatment** [2] - 4:13, 4:18
**trial** [13] - 5:20, 5:22, 5:24, 6:6, 6:11, 6:15, 6:18, 7:12, 7:15, 8:1, 8:11, 8:13, 24:6
**true** [2] - 2:15, 14:21
**truthfully** [1] - 3:17
**try** [2] - 6:10, 21:3
**turn** [2] - 13:15, 14:13
**two** [2] - 9:18, 10:12
**type** [2] - 4:10, 5:3

**U**

**unanimous** [1] - 6:13
**under** [7] - 3:6, 3:7, 3:10, 4:13, 6:10, 11:5, 17:14
**understood** [4] - 13:23, 15:4, 23:3, 23:6
**unhappy** [1] - 22:4
**UNITED** [2] - 1:1, 1:3
**United** [12] - 1:9, 1:14, 2:1, 2:5, 2:18, 2:19, 17:14, 17:15, 18:21, 19:9, 25:5
**unlawful** [4] - 9:16,

10:3, 11:1, 11:10
**up** [18] - 5:17, 7:9, 7:22, 10:6, 16:14, 16:18, 16:19, 17:3, 17:5, 17:6, 18:6, 18:15, 19:7, 19:23, 20:5, 20:11
**upward** [2] - 17:22, 17:24
**user** [4] - 9:16, 10:3, 11:1, 11:10

**V**

**validity** [2] - 22:21, 22:24
**vary** [1] - 17:24
**Vavricek** [8] - 2:6, 9:17, 12:13, 12:20, 15:12, 20:14, 22:23, 25:4
**VAVRICEK** [10] - 1:13, 9:21, 9:25, 12:15, 12:23, 15:14, 15:17, 20:17, 22:25, 25:6
**verdict** [3] - 6:13, 6:14, 8:8
**versus** [1] - 2:2
**violate** [1] - 19:20
**violation** [1] - 10:22
**violence** [2] - 10:21, 11:21
**violent** [1] - 16:22
**voluntarily** [2] - 3:23, 24:6
**voluntary** [4] - 2:22, 22:15, 23:16, 24:8
**vote** [1] - 18:24
**vs** [1] - 1:5

**W**

**waived** [1] - 24:6
**week** [1] - 23:3
**Williams** [1] - 1:9
**wish** [1] - 21:13
**withdraw** [1] - 22:3
**witnesses** [6] - 7:3, 7:4, 7:7, 7:9, 7:17, 7:18
**written** [5] - 3:1, 21:3, 22:11, 24:10, 24:23

**Y**

**year** [2] - 10:11, 23:4
**years** [7] - 16:14, 16:18, 17:5, 17:6,

18:7, 19:7, 19:8

*Contact Shelly Semmler at 712-233-3846 or shelly_semmler@iand.uscourts.gov to purchase a complete copy of the transcript.*

Case 2:17-cr-01003-LRR-CJW   Document 62   Filed 07/24/17   Page 30 of 30